UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MAHBOUBEH ABDOLAHZADEH, an individual,

Plaintiff,

v.

TESLA INC., a Texas corporation,

Defendant.

No. 2:26-cv-3305 WBS JDP

ORDER

----oo0oo----

This case centers on plaintiff's claims that she was injured by a defective vehicle defendant sold her. Plaintiff filed this lawsuit in state court, and defendant removed to this court on the basis of diversity jurisdiction. Defendant now moves to compel arbitration of plaintiff's claims, arguing that they are subject to a written arbitration agreement.[1]

[1] Shortly after defendant informed plaintiff of its intent to move to compel arbitration, plaintiff moved for leave to add a non-diverse defendant and remand to state court, which remains pending. (See Docket No. 3; Docket No. 7 at 2.) Plaintiff asserts that the court ought to decide her motion first.

## I. Legal Standard

"Written agreements to settle commercial disputes by arbitration are subject to the Federal Arbitration Act ('FAA')." Johnson v. Walmart Inc., 57 F.4th 677, 680 (9th Cir. 2023) (citing 9 U.S.C. § 2). The FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). Courts must accordingly grant motions to compel arbitration when (1) "a valid agreement to arbitrate exists," and (2) "the agreement encompasses the dispute at issue." Johnson v. Walmart, Inc., 57 F.4th 677, 680 (9th Cir. 2023) (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)); Revitch v. DIRECTV, LLC, 977 F.3d 713, 716 (9th Cir. 2020).

"The FAA provides for discovery and a full trial in

---

Plaintiff identifies no authority requiring the court to do so. Indeed, the sole case plaintiff relies on expressly notes that the parties could not identify any authority requiring the court to decide the pending motions in any particular order. Farwana v. Tesla, Inc., No. 24-CV-07518-BLF, 2025 WL 1107271, at *3 (N.D. Cal. Apr. 14, 2025). Where there is no law on point, the court may exercise the "control necessarily vested in [it] to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (citations and quotations omitted); see also Reed v. Corinthian Colleges, Inc., No. C05-5601FDB, 2005 WL 8173881, at *2 (W.D. Wash. Dec. 6, 2005) (deciding motion to compel arbitration before deciding motion to remand to state court). Here, since defendant noticed the hearing for its motion before plaintiff noticed the hearing for hers, and in light of the "liberal federal policy favoring arbitration agreements," see Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (citations and quotations omitted), the court finds it appropriate to decide defendant's motion first.

connection with a motion to compel arbitration" when "the making of the arbitration agreement" is at issue. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999); see also Hansen v. LMB Mortg. Servs., Inc., 1 F.4th 667, 672 (9th Cir. 2021) ("[O]nce a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved.") However, where there is no genuine dispute of fact as to the existence or applicability of an arbitration agreement, the court may decide a motion to compel arbitration as a matter of law without discovery and a full trial. See Shanahan v. IXL Learning, Inc., No. 24-6985, 2026 WL 982855, at *1 (9th Cir. Apr. 13, 2026) (citing Hansen, 1 F.4th 670); see also id. ("Courts apply 'the summary judgment standard of Rule 56' when determining whether an agreement to arbitrate was made.") (quoting Hansen, 1 F.4th at 670)). The burden to prove the existence of an agreement to arbitrate falls on the party moving to compel arbitration, id. (quoting Johnson, 57 F.4th at 681) (alterations omitted), and the court gives "the opposing party the benefit of all reasonable doubts and inferences that may arise," Sanford v. MemberWorks, Inc., 483 F.3d 956, 963 (9th Cir. 2007).

## II. Discussion

### A. Parties' Evidence

Defendant argues plaintiff expressly agreed to arbitrate when plaintiff placed her order for the vehicle. In support, defendant provided a declaration from one of its

business managers in which she asserts that all purchases of defendants' vehicles are performed electronically using the same interface. (Docket No. 6 at 3-4; see generally Docket No. 6-1.) When a user orders a vehicle, the user is required to select an "order" button. (Docket No. 6 at 4.) When the interface shows the "order" button, it advises that placing the order constitutes consent to a vehicle order agreement, which is hyperlinked for the customer and includes an arbitration provision. (Id.) According to defendant, plaintiff, by engaging in this electronic ordering process, assented to the arbitration provision. (Id. at 6.)

Plaintiff does not contest that the arbitration provision covers her claims against defendant. Plaintiff only argues that she never agreed to the arbitration provision. Specifically, plaintiff offered declarations in which she asserts that, except for providing her credit card for payment, she did not perform any of the steps required to electronically order the vehicle. (Docket No. 9-1 ¶¶ 6-19.) Instead, an employee at the dealership "handled the entire vehicle-ordering transaction" himself. (Id. ¶ 6.; Docket No. 13-1 ¶ 8.) The employee handled the initial portion of the transaction using "a computer in his possession" (Docket No. 9-1 ¶ 6) and handled the rest of the transaction using plaintiff's mobile phone (Docket No. 13-1 ¶ 8).[2] The employee did not apprise plaintiff of any terms or

[2] Plaintiff initially stated that the employee handled "the entire transaction" on defendant's computer. (Docket No. 9-1 ¶ 6.) Defendant then provided evidence on reply indicating the transaction came, not from one of defendant's computers, but from an iPhone that was not on defendant's network. (See generally Docket No. 10-1.) Plaintiff then filed a sur-reply clarifying

conditions of the sale while handling the transaction, nor did plaintiff expressly permit the employee to accept any terms or conditions on her behalf. (Docket No. 9-1 ¶¶ 7-19; Docket No. 13-1 ¶¶ 10-13.)

B. <u>Analysis</u>

Defendant argues that, even if the employee took control of plaintiff's phone, plaintiff's giving her phone to the employee bestowed agency authority on the employee and thus authorized him to consent to the arbitration provision. (Docket No. 17.) "An agent has authority . . . [t]o do everything necessary or proper and usual, in the ordinary course of business, for effecting the purpose of his agency . . . ." Cal. Civ. Code § 2319.[3] "Under California law, an agency relationship may be created informally through 'conduct by each party manifesting acceptance of a relationship whereby one of them is to perform work for the other under the latter's direction.'" <u>Gould v. Hyundai Motor Co.</u>, No. 8:23-CV-01344-JWH-DFM, 2025 WL 26806, at *9 (C.D. Cal. Jan. 3, 2025) (quoting <u>Malloy v. Fong</u>, 232 P.2d 241, 251 (Cal. 1951)). "The existence of the right of control and supervision establishes the existence of an agency relationship." <u>Malloy</u>, 232 P.2d at 249. "It is not essential," however, "that the right of control be exercised or that there be

---

that the employee performed the initial part of the transaction on defendant's computer and the latter part of the transaction on plaintiff's phone. (Docket No. 13-1 ¶ 8.)

[3] The subject transaction occurred in California, the alleged vehicle collision leading to plaintiff's injuries occurred in California, and the parties do not dispute that California law applies.

actual supervision of the work of the agent." Id.

Here, it is undisputed that plaintiff "authorized the Tesla employee to assist [her] with purchasing the vehicle and completing the necessary ordering steps." (Docket No. 13-1 ¶ 17.) Plaintiff "handed [her] telephone to the Tesla employee," the Tesla employee downloaded the Tesla application on plaintiff's phone, and the employee then "complete[d] the remaining steps of the transaction." (Id. ¶ 8.) Plaintiff also offered nothing to contradict defendants' evidence that the interface of the application advises that placing the vehicle order constitutes consent to a hyperlinked vehicle order agreement, which includes the arbitration provision.[4]

These undisputed facts demonstrate that defendant's employee acted as plaintiff's agent when completing the transaction.[5] The court's analysis in Velasquez-Reyes v. Samsung Electronics America, Inc., No. ED CV 16-1953-DMG (KKx), 2020 WL

---

[4] Although plaintiff generally argues that there are "questions concerning the manner in which Tesla provided access to the contractual terms on which it relies," this is insufficient create a genuine issue of fact. Martinez-Patterson v. AT&T Servs., Inc., No. 21-35766, 2022 WL 2304218, at *2 (9th Cir. June 27, 2022) ("[W]hen the moving party has otherwise carried its summary-judgment burden, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'") (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

[5] Because plaintiff's sole argument in opposing defendant's motion is that she did not personally order the vehicle, the court finds no dispute that the arbitration provision was conspicuous enough during the ordering process for the provision to be enforceable upon completion of the order, see Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 856 (9th Cir. 2022), nor a dispute that the arbitration provision covers the claims plaintiff asserts in this lawsuit.

6528422 (C.D. Cal. Oct. 20, 2020), is directly on point. There, a customer took her phone to one of defendant's stores in order to have his phone activated. Id. at *1. Plaintiff handed his phone to a representative to complete the activation process. Id. The process included viewing a page that had a "Terms and Conditions" hyperlink, which included an arbitration provision. Id. "The user [could not] proceed with the set-up process and use the phone until clicking a bubble next to the words 'Terms and Conditions[']  or 'Agree to all' and then clicking 'Next.'" Id.

Based on these facts, Judge Gee concluded that, by handing his phone to the representative, plaintiff conferred agency authority on the representative to complete all necessary steps of the activation process, including agreeing to the arbitration provision. Id. at *3-4. Judge Gee noted that plaintiff "could have asked the representative to stop at any time or asked for his [phone] back, meaning representative was subject to his control." Id. at *3. The transaction also could not have been completed without encountering the notice that selecting the "order" button amounted to consent to the hyperlinked vehicle order agreement. Id. Consenting to the vehicle order agreement was thus "'necessary . . . for effecting the purpose of [the representative's] agency.'" Id. (quoting Cal. Civ. Code § 2319).

The same analysis applies here. Plaintiff could have asked for her phone back at any time. The transaction also could not have been completed without viewing the hyperlinked terms and conditions (which included the arbitration provision) as well as

the notice that, by selecting "order," the user assents to these terms and conditions.[6] Defendant's employee was accordingly authorized to, and did, consent to the arbitration provision on plaintiff's behalf. See id.; see also Gould v. Hyundai Motor Co., No. 8:23-CV-01344-JWH-DFM, 2025 WL 26806, at *9-10 (C.D. Cal. Jan. 3, 2025) (finding plaintiff authorized defendant's employee to consent to arbitration provision on plaintiff's behalf by handing the employee his phone in order to complete the transaction).

IT IS THEREFORE ORDERED that defendant's motion to compel arbitration be (Docket No. 6), and the same hereby is, GRANTED. Judgment shall be entered accordingly, and the Clerk is ordered to close the file.

Dated: November 24, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff did not argue that defendant's employee went beyond the scope of any agency relationship that existed. Even if she did, however, the court in Velasquez-Reyes correctly explained that this argument would be unavailing. 2020 WL 6528422 at *3 (finding employee acted within the scope of the agency relationship when accepting arbitration provision since plaintiff gave the employee "authority to activate his phone" and assenting to the clickwrap agreement was necessary for activation).